418

## In re CARSON.
### Patent Appeal No. 2789.

Court of Customs and Patent Appeals.
Nov. 27, 1931.

Robert E. Barry, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting appellant's application for a patent for an alleged invention relating to a design for service station booths.

The rejected claim reads: "The ornamental design for a service station booth, as shown and described."

The design in question consists generally of a rectangular one-story building, with a steep sloping roof and, at the central portion of the.front, as described in the brief of counsel for appellant, "a contiguous vestibule and chimney about the same height as the roof."

The chimney and gable structures are the dominant features of the design.

The references are: American Architect, vol. CXXVIII, July-December, 1925. See issue of September 9, 1925, page 239; American Architect, vol. 129, January-June, 1926. See issue of January 20, 1926, pages 201 and 202 (note entrance construction of the home illustrated in these citations).

The tribunals of the Patent Office concurred in holding that the references show substantially the design claimed by appellant, and that, although slightly different, when considered as a whole, appellant's design is not patentably distinguishable from the references.

Counsel for appellant contends that filling or service station booths, conforming to the involved design, have been constructed in various cities in the central part of the United States, and that, due to their beauty and distinctiveness, they attract the purchasing public and many unsolicited and approving letters have been received by appellant.

Counsel for appellant argues that the involved design possesses beauty and novelty, that it required the exercise of the inventive faculties to produce it, and that therefore appellant is entitled to a patent.

It is elementary that, to be patentable, a design must possess more than mere beauty and attractiveness. It must be novel and must have required the exercise of the inventive faculties.

We agree that appellant has produced an attractive design for service station booths. We are of opinion, however, that the involved design is not substantially different from the prior art shown in the references, and that, after a casual study of the structures shown in the references, any architect, exercising no more than the ordinary skill possessed by members of that profession, could have produced appellant's design.

We are in accord with the conclusion reached by the tribunals of the Patent Office, and the decision of the Board of Appeals is affirmed.

Affirmed.